UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

------------------------------------------------------------
In re:

                                                                                                                      BKY 19-30803 KAC

*James D. Nading* and
*Michelle R. Nading*

                                                                                                                       Chapter 13 Case

                          Debtors.
------------------------------------------------------------

## NOTICE OF HEARING AND MOTION ON TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

TO: All parties in interest pursuant to Local Rule 9013-3:

      1.      Gregory A. Burrell, Chapter 13 Trustee (the "trustee"), by and through his undersigned attorneys, moves the court for the relief requested below and gives notice of hearing.

      2.      The court will hold a hearing on this motion at 10:30 a.m. on Thursday, June 13, 2019, in Courtroom 2C, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

      3      This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this case was filed on March 19, 2019. The case is now pending in this court.

      4.      This motion arises under 11 U.S.C. § 1322 and 1325 and Bankruptcy Rule 3015. This motion is filed under Bankruptcy Rule 9014 and Local Rules 3015-3, 9006-1, 9013-1 through 9013-5, and such other Local Rules as may apply. Movant requests relief with respect to denial of confirmation of the debtor's proposed Chapter 13 plan dated March 19, 2019 (the "Plan").

      5.      The Plan provides for 60 monthly payments in the amount of $1,300.00 per month for a total contribution of $78,000.00.

      6.      Net of the Trustee's fee of $7,800.00 (10%), plan payments will be distributed as follows:

| | |
|---|---:|
| Attorneys' Fees | $ 2,160.00 |
| IRS Priority Claims | $ 7,186.00 |

    MDR Priority Claims                              $ 3,876.00
    Unsecured Creditors                           $56,978.00

*See* ECF No. 2 at 5. Total estimated non-priority unsecured claims are $118,691.01, thus the proposed distribution to unsecured creditors will be no more than 48%. The deadline for timely filing non-governmental proofs of claims was May 28, 2019, so the amount of timely filed claims is fixed and determined.

    7.    Part 17.1 of the plan also includes the following vague statement:

> <u>Full Pay</u>
> Subject to the providions [sic] above the plan will pay all allowed claims.

Clearly there are not sufficient funds to pay all claims in full. If the debtors' intent is to pay all allowed claims in full they will need to contribute additional funds to the plan.

    8.    Schedules A/B and D include the following assets:

- 2007 Chevy Impala valued at $3,500.00 and subject to a secured claim of $4609.80[1]
- 2008 Dodge Avenger valued at $3,800.00, which is not subject to a secured claim and is titled jointly in D2 and their son's name
- 2003 Chevy Silverado valued at $4,372.00 and subject to a secured claim of $8,500.72
- 2010 Buick Encave [sic] valued at $11,022.00 and subject to a secured claim of $11,957.68
- 2008 Polaris Ranger XPS 906 valued at $15,499.00 and subject to a secured claim of $16,419.98
- 2006 Lund 1660 Classic boat with trailer valued at $6,635.00 and subject to a secured claim of $8,361.13

*See* ECF No. 1 at 9-11 and 23-26. According to Schedule J the debtors' household consists of both debtors and an 18 year old son and they are paying a total of $1,447.00 on the above secured claims. *See* ECF No. 1 at 42-45. This includes payments on unnecessary recreational vehicles/property, some of which are cross collateralized with the automobiles. *Id.*

    9.    The trustee objects to confirmation of the debtors' plan because it is not proposed in good faith and fails to meet the best efforts test. The debtors are not contributing all of their disposable income to plan payments because they are devoting income to payments for unnecessary recreational vehicles.

---

[1] Schedule D states that the debtors' son is making the payments on this debt.

10.     This motion incorporates by reference the debtors' statements and schedules on file herein, as well as testimony provided at the 341 meeting of creditors.

WHEREFORE, the trustee requests an order denying confirmation of the debtors' proposed modified chapter 13 plan, and such other relief as to the court appears just and equitable.

                                        Gregory A. Burrell, Chapter 13 Trustee

Dated: June 6, 2019                   /e/ *Heather M. Forrest*
                                        Jeffrey M. Bruzek, ID # 319260
                                        Heather M. Forrest, #398764
                                        Counsel for Chapter 13 Trustee
                                        100 South Fifth Street, Ste. 480
                                        Minneapolis, MN  55402
                                        (612) 338-7591

## VERIFICATION

I, Heather M. Forrest, employed by Gregory A. Burrell, chapter 13 trustee, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed:  June 6, 2019                 /e/ Heather M. Forrest

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

In re:

*James D. Nading and*
*Michelle R. Nading*

Debtors.

BKY 19-30803 KAC

Chapter 13 Case

---

MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION

FACTS

The facts supporting the trustee's objection are summarized in the accompanying motion and are incorporated by reference and will not be repeated. The trustee also relies on the representations made by the debtors in the schedules and statements on file herein, as well as testimony provided at the 341 meeting of creditors.

LEGAL DISCUSSION

A. The plan does not meet the best efforts test

11 U.S.C. § 1325(b)(1) provides:

If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). "Disposable income" is defined in 11 U.S.C. § 1325(b)(2), in relevant part, as:

> [C]urrent monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable non-bankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended –
> (A)(i)  for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed  . . .

11 U.S.C. § 1325(b)(2).  In this case, according to the Form 122C on file, the debtors' annualized current monthly income is above the median family income for a comparable-sized family, therefore the debtors' "applicable commitment period" is 5 years.  11 U.S.C. § 1325(b)(4)(A)(ii).

The debtors are not devoting all of their disposable income to the plan.  They are making payments on recreational vehicles which are not necessary for the maintenance or support of the debtors or their dependents.

11 U.S.C. § 1325(a)(3) allows a proposed chapter 13 plan to be confirmed only if it has been proposed in good faith.  "The bad faith determination focuses on the totality of the circumstances, specifically: (1) whether the debtor has stated his debts and expenses accurately; (2) whether he has made any fraudulent representation to mislead the bankruptcy court; or (3) whether he has unfairly manipulated the bankruptcy code."  *In re Molitor*, 76 F.3d 218, 220 (8th Cir. 1996).

In this case, the trustee objects to the plan as the debtors are unfairly manipulating the bankruptcy code by retaining unnecessary recreational vehicles without paying all unsecured creditors in full.  The proposed plan is filed in bad faith and fails to satisfy the best efforts test.

## CONCLUSION

For the reasons stated herein, the trustee respectfully requests that the court deny confirmation of the debtors' proposed chapter 13 plan

Respectfully submitted:

Dated:  June 6, 2019

/e/ Heather M. Forrest
Jeffrey M. Bruzek, #319260
Heather M. Forrest, #398764
Counsel for Chapter 13 Trustee
100 South Fifth Street, Ste. 480
Minneapolis, MN  55402
(612) 338-7591

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

In re:

*James D. Nading and*
*Michelle R. Nading*

Debtors.

---

BKY 19-30803 KAC

Chapter 13 Case

UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Amy L. Gildemeister, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on June 6, 2019, I served the Objection to Confirmation of Chapter 13 Plan, Memorandum of Facts and Law, and proposed Order Denying Confirmation of Chapter 13 Plan on all filing users in this case by electronic mail, as disclosed on the Notice of Electronic Filing herein, and on the individuals listed below, in the manner described:

By first class U.S. mail, postage prepaid:

James D. Nading
Michelle R. Nading
37703 Greenleaf Drive
Montgomery, MN 56069

Mark C. Halverson via CM/ECF
Kevin Dobie via CM/ECF

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: June 6, 2019                    /e/ Amy L. Gildemeister

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

-----------------------------------------------------------

In re:

*James D. Nading and*
*Michelle R. Nading*

Debtors.

-----------------------------------------------------------

BKY 19-30803 KAC

Chapter 13 Case

The above-entitled matter came on for hearing before the undersigned United States Bankruptcy Judge on the Chapter 13 Trustee's objection to confirmation of the Debtors' proposed Chapter 13 plan.

Appearances were noted in the minutes.

Upon the foregoing objection, arguments of counsel, and all of the files, records and proceedings herein:

IT IS ORDERED:

1. The trustee's objection to confirmation of the debtors' Chapter 13 plan dated March 19, 2019, is **SUSTAINED**.

2. Confirmation of the debtors' plan is **DENIED**.

Dated:

_____
Katherine A. Constantine
United States Bankruptcy Judge